Smith, P. J.
The recovery in this action is upon a promissory note made by defendant, of which the following is a copy: “On the twenty-sixth day of July, one thousand eight hundred and eighty-three, for value received, I promise to pay Garret Van Sickle, trustee under the last will and testament of Simeon Pease, deceased, one thousand three hundred and fifty dollars, with use. Dated, Trumansburgh, April 1, 1882.
(Signed.) “B. F. Pease.”
The referee found, upon satisfactory evidence, that in November, 1884, Van Sickle, the payee named in the note, assigned all his property, in trust for the benefit of hiiy creditors, to the plaintiff, and that the plaintiff, as such assignee, is the owner and holder of said note.
The referee also found that Simeon Pease, late of Tompkins county, died, leaving a will wherein Henry D. Barto and the defendant were named executors and trustees; which trusts they accepted, the will having been admitted to probate; that, by said will, the testator bequeathed to his grandson, Simeon Pease, a son of the defendant, the sum of one thousand dollars, to be paid to him. on his attaining the age of twenty-one years; that, in 1872, said executors had a final accounting before the surrogate of Tompkins county, whereby there was found to be in their hands the sum of over six thousand dollars out of which the said legacy was to be paid when due; that Barto died in 1873, having said > of upwards of six thousand dollars in his possession; that soon after his death Van Sickle was, by an order of this court, appointed executor or trustee of the estate of said deceased, in the place of Barto; that afterwards the representatives of Barto paid said sum of six thousand dollars and upwards to Van Sickle and the defendant who gave their joint receipt therefor; that Van Sickle, at the same time and in the presence of the defendant, took manual possession and control of said money and retained the same thereafter, except the sum #f one thousand dollars, which was delivered to defendant by Van Sickle on defendant’s promise that he would secure Van Sickle therefor by a mortgage on real estr.te; that afterwards, and on April 1, 1876, the defendant in lieu of a mortgage on real estate, delivered to Van Sickle his promissory note for one thou *193 sand dollars, payable “to the order of Garret Van Sickle, trustee under the last will and testament of bimeon Pease, deceased,” and upon which note Van Sickle made an endorsement of one year’s interest, April 6, 1877, the same having been paid; that Van Sickle held said note till April, 1882, when defendant gave to Van Sickle a new note in liou of the old one for the amount of the principal of the old note and the interest that had accrued thereon since 1st of April, 1877, which new note was made payable 26th July, 1883, the date when said legatee, Simeon Pease, would attain his majority, and which is the note in suit.
The referee also found that after said legatee became of age he instituted proceedings in the surrogate’s court of Tompkins county, which resulted in a decree of said court ordering Van Sickle and the defendant to pay said Simeon Pease on account of his said legacy the sum $1,078.33, for principal, interest, costs and disbursements; that Van Sickle thereupon paid said last mentioned sum to said Simeon Pease in pursuance of said decree; that all of the facts above stated, except the assignment from Van Sickle to the plaintiff, were in substance found by said surrogate in said proceeding; that the findings of said surrogate were put in evidence on the trial of this action, and the facts therein stated were assumed by the respective parties hereto to have been established in this action, and that the said promissory note was given by defendant to Van Sickle to indemnify Van Sickle against loss by reason of the payment or delivery to the defendant of said $1,000.
The referee concluded that the plaintiff, as the assignee of Van Sickle, is entitled to recover the sum which Van Sickle was compelled, by the surrogate’s decree, to pay to the legatee, with interest thereon from the time of such payment, and he ordered judgment therefor.
U| an the facts > *wd, as above stated, the right to recover seems clear.. Teat note being sworn to have been given for the indemnify of Van Sickle against loss by reason of his leaving in' the hands of the defendant the fund with which his son’s legacy was to be paid, it was competent for the plaintiff to prove that Van Sickle had been compelled by the decree of a competent court to pay such legacy with his own means, thus establishing a complete cause of action upon the indemnity. That cause of action passed to the plaintiff under the general assignment executed by Van Sickle to him. It might have been well for the pleader to set out in the complaint the fact that the note was executed as an indemnity, and the fact of the loss covered by the indemnity instead of counting upon the note alone. P: J, as wre understand the printed case, *194 the fact that the note was given for that purpose, and the further fact of the surrogate’s decree appeared upon the defendaift’s showing, and the plaintiff was then allowed, properly, as we think, to show payment by Van Sickle of the amount decreed to be due to the legatee. If necessary to sustain the judgment, the complaint may now be amended to conform to the proof.
The cause of action against the defendant, which Van Sickle had when he executed his assignment, was possessed by him in his individual character, and not as trustee or executor. The trust was satisfied by his payment of the amount due to the legatee, and the loss thereby occasioned was sustained by him individually. The fact that he was described in the note as trustee, etc., is incompetent. Such description was a mere designation of the person.
The defendant cannot, in this action, question the validity of the order appointing Van Sickle trustee or executor, or his right to have possession and control of the trust funds. The defendant, by his acts in reference to the estate, and his dealings with Van Sickle, recognized the validity of the appointment, and the right of Van Sickle to take charge of the funds, and he is concluded thereby, so far as the questions involved in the present action are concerned.
These views meet the positions taken by the» appellant’s counsel, with a single exception. He contends that the finding of the referee, that the note in suit was given as an indemnity is unsupported by the evidence. That finding-appears to us to be well sustained by the findings of the surrogate, which appear by the case to have been put in evidence by the defendant, and the facts stated therein to have been assumed by the parties to be established in this action.
The judgment should be affirmed.
Barker, Haight and Bradley, JJ., concur.